Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDWATER BANK, N.A.; DOES 1-10, Inclusive,<br><br>Defendant. | Case No.: 2:22-cv-00851-MCE-DB<br><br>**STIPULATION TO STAY CASE** |

1    Plaintiff Mark Aussieker ("Plaintiff") and Defendant GOLDWATER BANK,
2  N.A. ("Defendant"), by and through their respective counsel, hereby STIPULATE
3  as follows:
4    WHEREAS, Plaintiff filed a First Amended Complaint in the above-titled
5  action in the United States District Court for the Eastern District of California on
6  June 20, 2022 ("FAC");
7    WHEREAS, the FAC exclusively alleges violations of the Telephone
8  Consumer Protection Act ("TCPA") (42 U.S.C. §227 *et seq.*);
9    WHEREAS, Plaintiff alleges that Defendant violated the TCPA by sending
10 text messages to "Plaintiff's cellular telephone . . . via an automatic telephone
11 dialing system, ("ATDS") as defined by 47 U.S.C. § 227 (a)(1)." (FAC ¶ 20);
12   WHEREAS, on August 8, 2022, Defendant filed its Motion to Dismiss
13 arguing that Plaintiff cannot plausibly allege the use of an automatic telephone
14 dialing system or an artificial or prerecorded voice following the United States
15 Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167, 209 L.
16 Ed. 2d 272 (2021);
17   WHEREAS, additionally, throughout its Motion, Defendant argues that the
18 Court in *Eggleston v. Reward Zone USA, LLC,* No. 2:20-CV-01027-SVW-KS, 2022
19 WL 886094 (C.D. Cal. Jan. 28, 2022) dismissed a substantially similar complaint on
20 the same grounds argued by Defendant in its Motion to Dismiss;
21   WHEREAS, Plaintiff's counsel also represents the plaintiff in *Eggleston*;
22   WHEREAS, the *Eggleston v. Reward Zone USA, LLC* is on appeal to the
23 Ninth Circuit, Case No. 22-55517, with the appellant's opening brief due on or
24 before September 19, 2022;
25   WHEREAS, the Parties agree that the outcome of *Eggleston* may impact the
26 claims and defenses at issue here.
27
28

-1-

WHEREAS, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979);

WHEREAS, to decide whether a stay is appropriate, courts consider competing interests, such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962);

WHEREAS, the Parties agree that a stay is in the best interest of their respective positions, and neither party will be damaged or suffer any hardship or inequity as a result of the stay;

WHEREAS, the Parties agree that the Ninth Circuit's decision in *Eggleston* may bear upon the instant matter;

WHEREAS, the Parties agree that the issues to be resolved in the instant matter may be streamlined and simplified by the Ninth Circuit's decision in *Eggleston*;

WHEREAS, to preserve the resources of the Parties and the Court, the Parties agree that a stay is appropriate pending the outcome of the *Eggleston* appeal;

WHEREAS, it is agreed that Defendant expressly reserves all of its claims, arguments, defenses, and objections in this matter, including its position that the outcome in *Eggleston* may not be dispositive here;

NOW, THEREFORE, the Parties hereby stipulate and agree that this case should be stayed pending the Ninth Circuit's decision in *Eggleston*.

DATED: August 19, 2022

| | | |
|---|---|---|
| By: | */s/ Todd M. Friedman* | |
| | TODD M. FRIEDMAN<br>*Attorneys for Plaintiff* | |
| By: | */s/ Sean Wagner (pro hac vice)* | |
| | SEAN WAGNER<br>*Attorneys for Defendant* | |

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained counsel's authorization to affix counsel's electronic signature to this document.

Dated: August 19, 2022   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: _s/Todd M. Friedman_
**TODD M. FRIEDMAN, ESQ.**
**Attorney for Plaintiff**

Filed electronically on this 19th Day of August, 2022, with:

United States District Court CM/ECF system.

Notification sent electronically on this 19th Day of August, 2022, to:

Honorable Morrison C. England
United States District Court
Eastern District of California
And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.
TODD M. FRIEDMAN