Sean C. Wagner (Pro Hac Vice)
Sean.Wagner@wagnerhicks.law
Abbey M. Krysak (Pro Hac Vice)
Abbey.Krysak@wagnerhicks.law
Meagan L. Allen (Pro Hac Vice)
Meagan.Allen@wagnerhicks.law
Adam L. Wilson (Pro Hac Vice)
Adam.Wilson@wagnerhicks.law
WAGNER HICKS PLLC
831 East Morehead Street, Suite 860
Charlotte NC 28202
Telephone: (704) 705-7538
Facsimile: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
jhilbert@hscallaw.com
Joseph A. LeVota, Esq. (SBN 226760)
jlavota@hscallaw.com
HILBERT & SATTERLY LLP
409 Camino del Rio S. #104
San Diego, California 92108
Telephone: (619) 795-0300
Facsimile: (619) 501-6855

Attorneys for Defendant
Goldwater Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>GOLDWATER BANK, N.A., Does 1-10 inclusive<br><br>*Defendant*. | **Case No.** 2:22-CV-00851-MCE-DB<br><br>**JOINT STATUS REPORT UPON THE NINTH CIRCUIT'S DECISION IN *TRIM V. REWARD ZONE USA LLC*, NO. 22-55517 (FORMERLY EGGLESTON V. REWARD ZONE USA, LLC, NO. 2:20-CV-01027-SVW-KS (C.D. CAL. JAN. 28, 2022))** |

**COMES NOW** Plaintiff Mark Aussieker, purported class representative, and

Defendant Goldwater Bank, N.A., by and through their respective counsel of record, with

their Joint Status Report upon the resolution of the Ninth Circuit appeal of *Eggleston v. Reward Zone USA, LLC*, No. 2:20-CV-01027-SVW-KS (C.D. Cal. Jan. 28, 2022), as ordered by the Court. The parties previously sought and received a stay of this action pending the resolution of the *Eggleston* appeal, the outcome of which the parties attested would impact the claims and defenses at issue in this matter. *See* ECF No. 17, 19. The Court ordered the parties to file this Joint Status Report within 14 days after a ruling in *Eggleston*, an event that occurred on August 8, 2023, with the issuance of two opinions, one published and one unpublished, in the re-styled matter of *Lucine Trim v. Reward Zone USA LLC*, et al., Case No. 22-55517 (9th Cir. Aug, 8, 2023).  Plaintiff's counsel, who are also counsel of record in *Eggleston/Trim*, intend to seek *en banc* review in *Trim*, and/or seek a Writ with the Supreme Court. Defendants believe the Ninth Circuit decisions in *Eggleston*/*Trim* are dispositive to this case as detailed below.

**I. INSTANT PROCEDURAL HISTORY.**

Plaintiff filed this putative class action on May 19, 2022, and amended his pleading on June 20, 2022.  *See, e.g.*, ECF Nos. 1 and 4. Plaintiff's Amended Complaint broadly alleges Goldwater violated the *Telephone Consumer Protection Act*, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically 47 U.S.C. §227(b)(1)(A), which prohibits unsolicited calls made with an "automatic telephone dialing system" or ATDS, also commonly referenced as an "autodialer," and calls using an "artificial or prerecorded voice." *See, generally*, ECF No. 4; *but see* ECF No. 18, Pltfs. Oppo to MtD at p.2 ("Plaintiff's Allegations").

On August 8, 2022, Goldwater filed its Motion to Dismiss Plaintiff's Amended Complaint, noting that Plaintiff's allegations failed to allege any communications made

with an ATDS or using an "artificial or prerecorded voice" sufficient to state a claim under the TCPA. *See* ECF No. 13, Def. MtD. Goldwater's Motion to Dismiss placed particular emphasis on the Central District of California's ruling in *Eggleston v. Reward Zone USA, LLC,* No. 2:20-CV-01027-SVW-KS, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022) ("*Eggleston*"), which dismissed, with prejudice, claims based on substantively identical allegations of TCPA violations.

Prior to Plaintiff's Response in Opposition to Goldwater's Motion to Dismiss (ECF No. 18); the parties filed a Stipulation of Stay, asking this Court to stay this matter until the conclusion of the Ninth Circuit's impending review of *Eggleston*. On August 24, 2023, this Court stayed this action pending the outcome of the *Eggleston* (now *Trim*) appeal. ECF No. 19. The Court Ordered the parties to file a joint status report no later than fourteen (14) days after the issuance of an appellate ruling, "addressing the impact of the decision on the litigation of this case." ECF No. 19. The Court's Order further denied Goldwater's Motion to Dismiss, without prejudice to its renewal once the stay was lifted.

On August 8, 2023, the Ninth Circuit issued a published opinion, *Trim v. Reward Zone USA LLC*, No. 22-55517, --- F.4th ----, 2023 WL 5025264 (9th Cir. Aug. 8, 2023); and an unpublished Memorandum Opinion, *Trim v. Reward Zone USA LLC*, No. 22-55517, 2023 WL 5043724, at *1 (9th Cir. Aug. 8, 2023); directly addressing the TCPA issues raised by the parties the instant case.[1] The parties now address these rulings and their impact.

---

[1] The Circuit's Opinions as published on the Ninth Circuit's ECF docket are attached hereto at **Exhibits 1** and **2** for the Court's convenience.

-3-

**II. THE NINTH CIRCUIT'S RULINGS IN *EGGLESTON*/*TRIM*.**

As indicated above, *Eggleston* was re-styled at the Circuit as *Lucine Trim v. Reward Zone USA LLC*, et al., case no. 22-55517 ("*Trim*") due to a change in class representative. *See Trim v. Reward Zone USA LLC,* No. 22-55517, --- F.4th ----2023 WL 5025264, at *2 (9th Cir. Aug. 8, 2023). At issue in *Trim* was the District Court's dismissal of two of the plaintiff's causes of action. "In Trim's first cause of action, she alleged that the text messages were sent using an ATDS and thus violated the TCPA." *Id.* at *1. "In her second cause of action, she alleged that the text messages constituted 'prerecorded voice messages' and, therefore, also violated the TCPA on that ground." *Id.*

The published decision in *Trim* rejected Trim's second cause of action, also advanced by Plaintiff in this action, that a text message can constitute a prohibited call using an "artificial or prerecorded *voice*" as contemplated by 47 U.S.C. § 227 (b)(1)(A). See ECF No. 4, Amd. Compl. at pp. 5-6, ¶¶ 24-26. In its accompanying, unpublished Memorandum Opinion, the Circuit Court further addressed Trim's first cause of action, holding that any claim was foreclosed by the Circuit's decision in *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022), which held that:

> a system constitutes an autodialer regulated by the TCPA only if it "generate[s] and dial[s] random or sequential telephone numbers." Id. at 1231 (emphasis removed). Because Trim concedes that the subject dialing equipment did not generate telephone numbers using a random or sequential number generator, Reward Zone's text messages were not sent via use of an autodialer in violation of the TCPA.

In applying *Borden*, the *Trim* Panel also rejected, as moot, Trim's request for *en banc* review of her case and through it, the panel decision in *Borden*. *Trim*, 2023 WL 5043724, at at n.1.

-4-

### III. DEFENDANT GOLDWATER'S POSITION.

The Ninth Circuit's rulings in *Trim* are dispositive in this case. As in *Trim*, Plaintiff's claims rest on allegations of TCPA violations under 47 U.S.C. § 227(b)(1)(A). *See* ECF No. 18, Pltfs. Oppo. to MtD at p. 6; *see also* ECF No. 4, Amd. Compl. at pp. 4-7, ¶¶ 14-31. To avoid dismissal of such claims, Plaintiff must allege facts, taken as true, indicating: (i) Goldwater's use of "an artificial or prerecorded voice" **or** (ii) Goldwater's use of an "automatic telephone dialing system" (interchangeably referenced as an "ATDS" and "autodialer"). *See* 47 U.S.C § 227(b)(1)(A). Plaintiff can do neither.

The *Trim* Court's published opinion categorically rejected any argument that a text message, absent any audio component, could constitute a "an artificial or prerecorded voice." Compare Trim, --- F.4th ---- 2023 WL 5025264 at *3-5, *with* ECF No. 4 Amd. Compl. at pp. 5-6, ¶¶ 24-26. Plaintiff's Complaint offers nothing to indicate the message at issue was anything other than text only, even providing the message verbatim:

> GW Bank offers FHA/VA/Conv & Jumbo Construction & Renovation for your clients up to $1M! Text Greg @ 415.205.8858 for information. Site: https://t.ly/DRzs Reply STOP to Opt-Out

ECF No. 4 Amd. Compl. at pp. 4-5, ¶ 18. Plaintiff does not (and cannot) allege an audio component; therefore, pursuant to *Trim*, he cannot sustain his claim under 47 U.S.C § 227(b)(1)(A) on this ground.

Plaintiff similarly does not allege the use of a "number generator" in this lawsuit. *See* ECF No. 4, Amd. Compl. ¶¶ 14-31. In an effort to establish a prohibited ATDS so as to fall within the other half of 47 U.S.C § 227(b)(1)(A), Plaintiff alleges only that Goldwater sent a single text message using what he describes as an "SMS blasting platform" that was

"programmed by an operator." *See* ECF No. 4, Amd. Compl. ¶¶ 17-23. Plaintiff's omission of allegations regarding a random or sequential number ***generator***, standing alone, renders Plaintiff's ATDS allegations insufficient. *See Eggleston*, 2022 WL 886094, at *3, *aff'd by Trim*, 2023 WL 5043724, at *1 (holding a system constitutes an ATDS "only if it 'generate[s] and dial[s] random or sequential telephone numbers'") (quoting *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022) (brackets in original).

In fact, the "SMS blasting platform" Plaintiff's Amended Complaint describes plainly does ***not*** use a number generator to generate the phone numbers, as demonstrated by the text message Plaintiff alleges he received, a text-only message directly targeted at real estate professionals like Plaintiff. *See* ECF No. 4, Am. Compl. ¶ 18 (text message); *Gross v. GG Homes, Inc.*, No. 3:21-CV-00271-DMS-BGS, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021) (content of text message indicated targeting that rendered implausible conclusory allegations of ATDS). This was not a message "blasted" to a random or sequentially generated series of numbers as *Trim* requires; thus, Plaintiff ***cannot*** allege the use of an ATDS and his claims resting on the same must be dismissed with prejudice.

The *Trim* Court expressly rejected, as a matter of law, both bases upon which the instant Plaintiff's claims under 47 U.S.C. § 277(b)(1)(A) could possibly rest, holding that (1) a text message without audio is not an "artificial or prerecorded voice" and that (2) a system is only a prohibited ATDS/autodialer if it ***generates*** random or sequential telephone numbers. Considering the *Trim* Court's clear rejection of arguments almost identical to those advanced by Plaintiff here, flaws that cannot be cured by amendment, Goldwater hereby renews and reurges its Motion to Dismiss (ECF No. 13), asking that this Court

dismiss Plaintiff's claims with prejudice as did the District Court in *Eggleston* and as was ultimately affirmed by the Ninth Circuit in *Trim*.

Defendant objects to any continuation of the stay in this case. *Trim* reiterated the holding in *Borden* that to qualify as an ATDS, the system must **generate and dial random and sequential numbers**. After multiple cases, that is the settled law in this Circuit to which this Court is bound. *See U.S. v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022). As demonstrated above, Goldwater's system, as alleged, does not generate random and sequential numbers and is not an ATDS. Moreover, Plaintiff cannot hope to meet the standard for imposing a stay here to avoid this result in the face of binding Ninth Circuit precedent. To secure a stay Plaintiff must show: (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay. *Hollingsworth v. Perry*, 558 U.S. 183, 190, 130 S. Ct. 705, 709, 175 L. Ed. 2d 657 (2010).

Counsel's initial request for *en banc* review in *Trim* was already mooted by the panel's decision; *Trim*, 2023 WL 5043724, at n.1; and the Supreme Court is unlikely to again hear the ATDS issue just two years after issuing *Facebook, Inc. v. Duguid*, a case extensively briefed by the parties herein and in *Borden* and *Trim*. *See, e.g., Borden*, 53 F.4th at 1235; *see also Facebook, Inc. v. Duguid,* 141 S. Ct. 1163, 1171, 209 L. Ed. 2d 272 (2021) ("Expanding the definition of an autodialer to encompass any equipment that merely stores and dials telephone numbers would take a chainsaw to these nuanced problems when Congress meant to use a scalpel"). Accordingly, Goldwater respectfully asks that the Court

-7-

rule on its Motion to Dismiss [ECF No. 13] and dismiss Plaintiff's lawsuit with prejudice consistent with *Borden* and *Trim*.

### IV. PLAINTIFF AUSSIEKER'S POSITION

The *Trim* decision impacts this case, Plaintiff does not deny that. However, the decision was reached erroneously as it precludes liability for dialing platforms that use random or sequential number generators to store or produce telephone numbers to be called by the dialer, which is exactly how Defendant's system operates. Plaintiff's counsel have reviewed source code of such systems with software engineers, and briefed this issue extensively in *Trim*. Unfortunately, the *Borden* decision was entered before the Ninth Circuit was able to review the factual issues presented in *Trim*, and so, bound by law of the circuit, they had no choice but to follow the prior Order, even though it was obviously erroneous in light of the facts and arguments raised by the *Trim* appeal. Accordingly, for there to actually be a review of the question of whether such systems qualify as an ATDS, *en banc* or Supreme Court Review is necessary. Trim plans to seek both. Until that issue is ultimately decided, this case remains unripe, and the stay should remain in place.

Dated: August 22, 2023

**WAGNER HICKS PLLC**
By: /s/ Sean C. Wagner
    Sean C. Wagner, Esq.
    Abbey M. Krysak, Esq.
    Meagan L. Allen, Esq.
    Adam L. Wilson, Esq.

AND

**HILBERT & SATTERLY LLP**
John Forest Hilbert, Esq.
Joseph A. LeVota, Esq.

*A*TTORNEYS FOR *D*EFENDANT *G*OLDWATER *B*ANK *N.A.*

AND

**LAW OFFICES OF TODD FRIEDMAN, P.C.**

By: */s/ Todd M. Friedman*
Todd M. Friedman, Esq.

*A*TTORNEY FOR *P*LAINTIFF

### *S*IGNATURE *C*ERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained counsel's authorization to affix counsel's electronic signature to this document.

Dated: August 22, 2023

WAGNER HICKS PLLC

By: */s/ Sean C. Wagner*
Sean C. Wagner, Esq.
Abbey M. Krysak, Esq.
Meagan L. Allen, Esq.

## **CERTIFICATE OF SERVICE**

Filed electronically on this 22nd Day of August 2023, with the United States District Court for the Eastern District of California's CM/ECF system.

Notification sent electronically on this 23rd Day of August, 2023, to:

      Honorable Morrison C. England
      United States District Court
      Eastern District of California

        and

      All Counsel of Record as Recorded on the Electronic Service List

                            /s/ Sean C. Wagner
                            Sean C. Wagner, Esq.